UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOYBEAN ASSOCIATION, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> *Defendants.* | Case No. 1:20-cv-3190-RCL |

## ORDER

Before the Court are three unopposed motions to intervene as defendants filed by BASF Corporation [6], Bayer CropScience, LP [7], and Sygenta Crop Protection, LLC [16]. Each proposed intervenor seeks to intervene by right under Rule 24(a)(2) or by permission under Rule 24(b)(1)(B). Each proposed intervenor also seeks an extension of time to file their response to the plaintiffs' complaint at the same time as the federal government.

An absent person may intervene by right when (1) it has standing, (2) its motion is timely, (3) it has a sufficient interest in the property that is the subject of the action, (4) the action impairs or impedes its ability to protect that interest, and (5) the existing parties may not adequately represent its interest. Fed. R. Civ. P. 24(a)(2); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).

In this case, the plaintiffs—two associations representing farmers—challenge the Environmental Protection Agency's decision to issue registrations for three agricultural herbicides containing dicamba. They ask the Court to remand, in part, the registrations to the EPA because,

1

they contend, the agency unlawfully imposed restrictions on the use of the herbicides. The proposed intervenors own the three registrations.[1]

The proposed intervenors meet all five intervention criteria. First, the proposed intervenors have standing because they would have to alter their product labeling and use restrictions if the plaintiffs successfully challenge the registrations. *See Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 316–19 (D.C. Cir. 2015). Second, the motions to intervene, filed within a week of the complaint, are timely. Third, each proposed intervenor has a core interest in this action: each owns one of the registrations that the plaintiffs challenge. Fourth, if the Court granted the plaintiffs the relief they seek and invalidated part of the registrations, the proposed intervenors' interests in their registrations would necessarily be compromised. And fifth, the federal defendants may not adequately represent the interests of the proposed intervenors because the federal defendants have an obligation to represent the public interest as a whole and not the individual proprietary interests of the proposed intervenors. *See Fund For Animals*, 322 F.3d at 736. The proposed intervenors have a right to intervene under Rule 24(a)(2).

Therefore, the motions to intervene are **GRANTED**; BASF, Bayer, and Syngenta are **GRANTED** permission to intervene as defendants as of right; and, the time for the intervenors to respond is **EXTENDED** to be coterminous with the federal defendants' responses.

**IT IS SO ORDERED.**

Date: 11/13/20

Royce C. Lamberth
United States District Judge

---

[1] BASF owns the registration for Engenia. EPA, Reg. No. 7969-472, Notice of Pesticide Registration for Engenia Herbicide (Oct. 27, 2020). Bayer owns the registration for XtendiMax with VaporGrip. EPA, Reg. No. 264-1210, Notice of Pesticide Registration for XtendiMax with VaporGrip Technology (Oct. 27, 2020). Syngenta owns the registration for Tavium Plus VaporGrip Technology. EPA, Reg. No. 100-1623, Notice of Pesticide Registration for A21472 Plus VaporGrip Technology (Oct. 27, 2020).