UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOYBEAN ASSOCIATION, and PLAINS COTTON GROWERS, INC., <br><br> *Plaintiffs*, <br><br> vs. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Federal Defendants*, and <br><br> BASF CORPORATION, *et al.* <br><br> *Defendant-Intervenors*. | Case No.: 1:20-CV-03190 |

### GROWERS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR STAY

### INTRODUCTION

The Federal Defendants[1] ask the Court to stay this case while the D.C. Circuit weighs several protective petitions. EPA seeks that stay even though it agrees jurisdiction rests in this Court and even though a related case in the District of Arizona is proceeding full steam ahead. The Court should decline. Growers[2] filed their protective petitions only to avoid waiving FIFRA jurisdiction on the off chance a court decides this dispute should start in circuit court. Thus, a stay is unlikely to achieve any judicial economy. Instead, the D.C.

---

[1] The Federal Defendants are the U.S. Environmental Protection Agency, EPA Administrator Michael S. Regan (automatically substituted for Andrew R. Wheeler under Federal Rule of Civil Procedure 25(d)), and Acting Division Director of EPA's Office of Pesticide Programs, Registration Division, Marietta Echeverria.
[2] The American Soybean Association and Plains Cotton Growers, Inc.

1

Circuit will likely dismiss the protective petitions without resolving any merits issues before this Court—especially because the only parties contesting jurisdiction above just recently moved to dismiss their petition. What is more, a stay also prejudices Growers, locking them out of this Court while another court, across the country, decides issues impacting Growers. If the Court is inclined to grant a stay anyway, it should decide the fully briefed motion to dismiss first. Imposing a stay while leaving that motion pending would compound the prejudice to Growers and undermine judicial efficiency.

## STANDARD OF REVIEW

Because a stay is "an extraordinary remedy … the party seeking a stay bears the burden of showing that the stay is needed and warranted." *Nat'l Indus. for Blind v. DVA*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017). "If there is even a fair possibility that the stay will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (cleaned up) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Three considerations drive a stay analysis: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay …; and (3) whether a stay would promote efficient use of the court's resources." *Id.* And if the moving "party seeks an indefinite stay," a stay cannot issue absent "a balanced finding that such need overrides the injury to the party being stayed." *Novenergia II – Energy & Environment (SCA) v. Kingdom of Spain*, No. 18-cv-01148, 2020 WL 417794, at *3 (D.D.C. Jan. 27, 2020) (quoting *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012).

## ARGUMENT

**I.     Growers' claims should proceed in this Court now.**

EPA moves for an indefinite stay of this case "pending issuance of the D.C. Circuit's mandate in *American Soybean Association v. Regan*, 20-1441." *See* EPA Mot. at 6. For three reasons, the Court should deny the motion.[3]

*First*, the requested stay would prejudice Growers. Although EPA has moved to stay this case, it has not done so in *Center for Food Safety v. EPA*, a District of Arizona case concerning the same agency actions. In fact, EPA has done the opposite; even though EPA keeps requesting extensions to file the administrative record index here, it has already filed it in Arizona. *See* Notice re: Filing Certified Index to Admin. Record, *Ctr. for Food Safety v. EPA*, No. 20-cv-555 (D. Ariz. July 26, 2021), Dkt. 54. And the District of Arizona has recently *unstayed* those proceedings (to which Growers are not a party), signaling that it intends to move towards the merits. *See* Order Lifting Stay, *Ctr. for Food Safety v. EPA*, No. 20-cv-555 (D. Ariz. July 28, 2021), Dkt. 56. Staying this case while the Arizona action proceeds prejudices Growers, leaving them locked in limbo and voiceless, while a court across the country weighs the same agency actions. Given that the District of Arizona is pushing forward, "the balance of hardships—and, indeed, the interests of justice—strongly favor" keeping Growers' case live too. *Chevron Corp. v. Republic of Ecuador*, 949 F. Supp. 2d 57, 72 (D.D.C. 2013).

EPA suggests that Growers can "protect their interests" through the D.C. Circuit petition. EPA Mot. at 5–6. While that might be true in form, it is not so in function. Because

---

[3] While Growers oppose EPA's stay request, they do not object to Growers' request for a one-week extension to file the AR index. Growers agree that EPA should be ordered to file the AR index within a week of the Court's order resolving EPA's motion.

the D.C. Circuit is unlikely to reach any merits issues, there is little to "protect" above. That is even more true now that the only parties disputing jurisdiction, the environmental interest groups, are abandoning their circuit court petition. *See* Mot. to Dismiss Case Voluntarily, *Ctr. for Food Safety v. EPA*, No. 20-1043 (D.C. Cir. Aug. 6, 2021), ECF No. 1909405. In fact, those groups went even further, admitting that they "took the position that appellate jurisdiction is proper *only in the hopes of a more expeditious resolution of this case*." Mot. to Determine Jurisdiction, *Ctr. for Food Safety v. EPA*, No. 20-cv-555 (D. Ariz. Aug. 6, 2021), Dkt. 57 at 1 (emphasis added). Thus, once it became apparent that the D.C. Circuit proceedings would likely take months (or longer) to resolve, environmental interest group petitioners switched jurisdictional horses, now arguing that jurisdiction lies in district court. *Id*. at 1–3. As a result, everyone challenging the Dicamba Decision agrees: jurisdiction lies in district court. Staying this case to let the circuit court dismiss for want of jurisdiction only undercuts Growers' opportunity to have their claims heard while the District of Arizona case (which could also impact Growers) leapfrogs this one.

*Second*, on the other side of the ledger, moving forward does little harm to EPA. Because a stay under the circumstances would harm Growers, EPA had to "make out a clear case of hardship or inequity in being required to go forward." *See Ross*, 419 F. Supp. 3d at 20. It did not. In any event, there is no conceivable "clear case of hardship or inequity" anyway. *Id.* EPA is apparently ready to file the administrative record index; it just did so in Arizona. And while EPA would, of course, need to litigate here and in the circuit court, that burden is neither heavy nor enough to support a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity,' within the meaning of *Landis*."). Whatever

4

burden that poses, it cannot "override the injury to the party being stayed"—Growers. *Novenergia*, 2020 WL 417794, at *3.

*Third*, the off chance that a stay preserves judicial resources does not justify a stay. No doubt, EPA has a point: *if* the D.C. Circuit reaches the merits, this case *could* be "rendered moot." EPA Mot. at 5. But if, as is far likelier, the D.C. Circuit merely dismisses Growers' protective petition, a stay works against judicial economy. In that more probable scenario, the D.C. Circuit decides no merits issues, the Court needs to reacquaint itself with this case, motion to dismiss re-briefing might be necessary (given years' worth of new case law), and Growers will still be far away from any relief and far behind the Arizona case. A stay, in other words, is unlikely to "promote efficient use of the parties' and courts' resources." *Ross*, 419 F. Supp. 3d at 22. In addition, this Court might become the focal point of the dicamba litigation—there is a pending motion to transfer the Arizona case here. *See* Joint Mot. to Determine Jurisdiction, *Ctr. for Food Safety v. EPA*, No. 20-cv-555 (D. Ariz. May 21, 2021), Dkt. 30. Staying this case makes even less sense in light of that motion, which would generate significant judicial efficiencies at the district court level.

**II.      If the Court does stay this case, it should decide the pending motion to dismiss first.**

If the Court is inclined to stay this case, it should decide the fully briefed motion to dismiss first. Deferring that motion amplifies prejudice to Growers and undermines judicial economy. EPA's motion to dismiss asks the Court to dismiss the Amended Complaint, order Growers to file a 60-day notice of intent to sue under the ESA, and wait 60 days before filing a second amended complaint. Thus, if the Court punts the motion to dismiss now, but grants it post-stay, Growers will face another two months of backend delay. On the flip side, if the Court decides the motion now and rules against Growers, Growers could send a 60-day letter

during the stay period, shaving two months off the litigation timetable. Deciding that motion now also maximizes the Court's and parties' resources. Rather than let the motion turn stale, requiring that the parties re-brief the motion and the Court refresh itself on the issues, the Court should decide the motion now.

## CONCLUSION

For these reasons, the Court should deny EPA's motion and order it to file the administrative record index within seven days.

Dated: August 13, 2021

Respectfully submitted,

/s/ Edmund S. Sauer
Bartholomew J. Kempf, Esq.
D.C. Bar No.493390
Edmund S. Sauer, Esq.
D.C. Bar No. 500985
**Bradley Arant Boult Cummings LLP**
1600 Division Street, Suite 700
Nashville, TN 37203
615-252-2374
bkempf@bradley.com
esauer@bradley.com

/s/ Kyle W. Robisch
Kyle W. Robisch, Esq.
D.C. Bar No. 0113089
**Bradley Arant Boult Cummings LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500
krobisch@bradley.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed electronically with the United States District Court Electronic Filing System, which will electronically send copies to all counsel of record.

*/s/ Edmund S. Sauer*
Edmund S. Sauer
